AO 241 (Rev. 09/17)

6:23-cv-109-RBD-DAB

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2023 JAN 20 PM 3:13 FILED

| United States District Court | District: Middle District |
|---|---|
| Name (under which you were convicted): Donald C. Anderson | Docket or Case No.: |
| Place of Confinement: John E. Polk Correctional Facility, 211 Eslinger Way, Sanford, Florida 32772 | Prisoner No.: DC #320877 |
| Petitioner (include the name under which you were convicted): Donald Charles Anderson | v. Respondent (authorized person having custody of petitioner): State of Florida |
| The Attorney General of the State of: Ashley Moody | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   Eighteenth Judicial Circuit, in and for Seminole County, Florida

   (b) Criminal docket or case number (if you know): 2005-CF-003218-A

2. (a) Date of the judgment of conviction (if you know): June 07, 2007
   (b) Date of sentencing: June 24, 2007

3. Length of sentence: 30 years (VCC) and 15 years mandatory (PRR)

4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case: Burglary of an Occupied Structure.

6. (a) What was your plea? (Check one)
   ☒ (1) Not guilty       ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty           ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?  *N/A*

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: *Fifth District Court of Appeals*
(b) Docket or case number (if you know): *5D07-2653*
(c) Result: *Per Curiam Affirmed*
(d) Date of result (if you know): *December 17, 2010*
(e) Citation to the case (if you know): *Anderson v. State, 977 So.2d 591*
(f) Grounds raised: *Sufficiency of the evidence*

(g) Did you seek further review by a higher state court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Name of court:
(2) Docket or case number (if you know):
(3) Result:

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: *Eighteenth Judicial Circuit Court*

(2) Docket or case number (if you know): *2005-CF-00318-A*

(3) Date of filing (if you know): *May 04, 2009*

(4) Nature of the proceeding: *Motion to correct Illegal Sentence*

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: *Denied*

Page 4 of 16

AO 241 (Rev. 09/17)

  (8) Date of result (if you know): September 09, 2009

 (b) If you filed any second petition, application, or motion, give the same information:

  (1) Name of court: Eighteenth Judicial Circuit Court

  (2) Docket or case number (if you know): 2005-CF-003218-A

  (3) Date of filing (if you know): March 02, 2010

  (4) Nature of the proceeding: Motion For Postconviction Relief

  (5) Grounds raised: 1.) Ineffective Assistance of Counsel for failing to show at trial a second video of the Kangaroo Express store, the site of the offense, to support his "open to the public defense; 2) Counsel Ineffective for failing to call Ray Ligon to testify that the area of the theft was not designated as "BEHIND THE COUNTER"; and 3) Counsel Ineffective for failing to impeach state's witness Rebekah Wilson on identification of Defendant.

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☑ Yes   ☐ No

  (7) Result: Denied

  (8) Date of result (if you know): February 25, 2011

 (c) If you filed any third petition, application, or motion, give the same information:

  (1) Name of court: Eighteenth Judicial Circuit Court

  (2) Docket or case number (if you know): 2005-CF-003218-A

  (3) Date of filing (if you know): January 10, 2013

  (4) Nature of the proceeding: Motion for Postconviction Relief

  (5) Grounds raised: Manifest Injustice

AO 241 (Rev. 09/17)

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
     ☐ Yes ☑ No
    (7) Result: _04/03/2013 - Denied_
    (8) Date of result (if you know): _Denied - 04/03/2013_

  (d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?
    (1) First petition: ☑ Yes ☐ No
    (2) Second petition: ☑ Yes ☐ No
    (3) Third petition: ☑ Yes ☐ No

  (e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_Per Curiam Affirmance prohibits further challenges to the Florida Supreme Court._

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

  **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** _WHETHER THE STATE VIOLATED PETITIONER'S RIGHT TO FAIR TRIAL BASED ON GIGLIO ERROR?_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Petitioner's conviction for Burglary of a convinience store during its normal business hours was obtained by the knowing use of Rebekah Wilson's false/perjured testimony about whether the "Employees Only" area (termed "behind the counter") was actually breached by the Petitioner during a theft at the store was used by the State prosecutor in its misleading argument to the court and jury. Petitioner invokes the Fundamental Miscarriage of Justice Exception for this material issue._

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Successive Motion For Postconviction Relief (3.850).*

Name and location of the court where the motion or petition was filed: *Eighteenth Judicial Circuit Court, in and for Seminole County, Florida.*

Docket or case number (if you know): *2005-CF-003218-A*

Date of the court's decision: *August 1, 2022*

Result (attach a copy of the court's opinion or order, if available): *Summary denial*

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No
(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Fifth District Court of Appeal, Florida*

Docket or case number (if you know): *5D-22-2159*

Date of the court's decision: *December 27, 2022*

Result (attach a copy of the court's opinion or order, if available): *Per Curiam Affirmed*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:  None

**GROUND TWO:** WHETHER THE TRIAL COURT ABUSED IT'S DISCRETION AND DEPARTED FROM THE ESSENTIAL REQUIREMENTS OF LAW?

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Newly asserted evidence in the form of county records (building design) may be probative of the issue of law regarding Petitioner's procedural due process right. The state violated Brady and Giglio; and new evidence requires a new trial because the Petitioner is factually innocent of the element which increased the petit theft to burglary of a convenience store during open business hours. Ray Ligon's testimony, along with county records - building design - would have impeached Rebeka Wilson's testimony. A new trial is required because the false testimony could have affected the judgment of the jury.

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
   ☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Postconviction Relief (Successive)

Name and location of the court where the motion or petition was filed: Eighteenth Judicial Circuit in and for Seminole County, Florida.

Docket or case number (if you know): 2005-CF-003218-A

AO 241 (Rev. 09/17)

Date of the court's decision: *August 01, 2022*

Result (attach a copy of the court's opinion or order, if available): *Summary denial*

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Fifth District Court of Appeal, Florida*

Docket or case number (if you know): *5D22-2159*

Date of the court's decision: *December 27, 2022*

Result (attach a copy of the court's opinion or order, if available): *Per Curiam Affirmed.*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: *None*

**GROUND THREE:** *WHETHER PROCEDURAL DUE PROCESS WAS VIOLATED WHERE THE TRIAL COURT EXCLUDED MATERIAL EXCULPATORY EVIDENCE?*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*Petitioner avers new evidence exist that corroborates Ray Ligon's statement made during depositions. But the court excluded Mr. Ligon from testifying at his 2011 evidentiary hearing. Mr. Ligon's testimony is material to the Petitioner's affirmative defense that he did not do the crime (burglary of an occupied structure) he is convicted and sentenced to.*

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Successive Motion For Postconviction Relief (3.850)*

Name and location of the court where the motion or petition was filed: *Eighteenth Judicial Circuit Court, Seminole County, Florida.*

Docket or case number (if you know): *2005-CF-003218-A*

Date of the court's decision: *August 01, 2022*

Result (attach a copy of the court's opinion or order, if available): *Summary denial*

_____

(3) Did you receive a hearing on your motion or petition?                ☐ Yes     ☑ No
(4) Did you appeal from the denial of your motion or petition?           ☑ Yes     ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Fifth District Court of Appeal, Florida*

Docket or case number (if you know): *5D22-2159*

Date of the court's decision: *December 27, 2022*

Result (attach a copy of the court's opinion or order, if available): *Per Curiam Affirmed.*

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____
_____

**GROUND FOUR:** WHETHER PUBLIC RECORDS QUALIFY AS NEWLY ACQUIRED EVIDENCE WHICH ESTABLISH THE PETITIONER IS ACTUALLY INNOCENT?

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The factual dispute (issue of fact) about the building/floor design of the convenience store regarding the check-out counter, i.e., "Employees only area, and diagram of the location the State characterized as "Behind the counter". Petitioner has been diligent in presenting his evidence to support his Fundamental miscarriage of justice claim. See Exhibit A. But the State is willfully suppressing the evidence — building design. It is more likely than not no reasonable juror would have convicted him.

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____
_____
_____
_____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____
_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
   ☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Successive Motion For Postconviction Relief (3.850)

Page 11 of 16

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _Eighteenth Judicial Circuit Court, Seminole County, Florida_

Docket or case number (if you know): _2005-CF-003218-A_

Date of the court's decision: _August 01, 2022_

Result (attach a copy of the court's opinion or order, if available): _Summary denial_

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Fifth District Court of Appeal, Florida_

Docket or case number (if you know): _5D22-2159_

Date of the court's decision: _December 27, 2022_

Result (attach a copy of the court's opinion or order, if available): _Per Curiam Affirmed._

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _None_

Page 12 of 16

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

   None

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

Page 13 of 16

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _Public Defender's office, 101 Eslinger Way Sanford, Florida, 32772_

(b) At arraignment and plea: _Public Defender's office, 101 Eslinger Way, Sanford, Florida, 32772_

(c) At trial: _Public Defender's office, 101 Eslinger Way, Sanford, Florida, 32772_

(d) At sentencing: _Public Defender's office, 101 Eslinger Way, Sanford, Florida, 32772_

(e) On appeal: _Unknown, Public Defender Clerance Counts_

(f) In any post-conviction proceeding: _Pro Se_

(g) On appeal from any ruling against you in a post-conviction proceeding: _Pro Se_

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☒ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The Petitioner invokes the "Fundamental Miscarriage of Justice Exception" to excuse his untimely filing of this petition. The prejudicial impact of the constitutional errors (stated herein) caused substantial and injurious influence on the postconviction proceeding on the count that the testimony of excluded witness, Ray Ligon, and suppressed newly

asserted evidence, would have proved the Petitioner's affirmative defense that he is actually innocent. The Fundamental Miscarriage of Justice Exception applies in the instant case because the Petitioner shows "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." McQuiggin v. Perkins, 596 U.S. 383, 399 (2013) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995). The United States Supreme Court, in McQuiggin, also applied the miscarriage of justice exception to the failure to develope facts in state court. id. 133 S.Ct. at 1932 (citing Keeney v. Tamayo-Reyes, 504 U.S. 1, 11-12, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992)). Thus, the factual predicate for the Petitioner's claim could not have been discovered previously through the exercise of due diligence, and petitioner shows that no reasonable factfinder would have found him guilty of the underlying offense (Burglary of an occupied Structure) by clear and convincing evidence.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

  (1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *Petitioner requests for an evidentiary hearing on his claim of actual innocence; and the ends of justice requires he receive a new trial in State court,*

or any other relief to which petitioner may be entitled.

_____N/A_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *January 18, 2023* (month, date, year).

Executed (signed) on *January 18, 2023* (date).

_____[signature]_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Page 16 of 16